UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Tiffany Nedd, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>-v.-<br><br>Portfolio Recovery Associates, L.L.C.,<br><br>Defendant(s). | Civil Action No: _____ |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Tiffany Nedd (hereinafter, "Plaintiff"), a Maryland resident, brings this Class Action Complaint by and through her attorneys, against Defendant Portfolio Recovery Associates, L.L.C. (hereinafter "Defendant") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.     Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re

1

inadequate to protect consumers," and that "'the effective collection of debts' does not require 'misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws ·were inadequate. Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. If applicable, the Court also has pendant jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Maryland consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

6. Plaintiff is seeking damages and declaratory and injunctive relief.

## PARTIES

7. Plaintiff is a resident of the State of Maryland, residing in Anne Arundel County.

8. Defendant Portfolio Recovery Associates, L.L.C. is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, and can be served in Maryland

c/o CSC-Lawyers Incorporating Service Company, at 7 St. Paul Street, Suite 820, Baltimore, MD, 21202.

9. Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. Defendant is a "debt collector" as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## CLASS ALLEGATIONS

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of Maryland;
   b. to whom Defendant, in response to a consumer's request for debt validation and dispute of the debt;
   c. ignored the validation request and continued collection efforts;
   d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entitles on whose behalf they attempt to collect and/or have purchased debts.

14. Excluded from the Plaintiff Classes are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate

families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Classes, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms such as the case at hand, violate 15 U.S.C. §1692g.

16. The Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiffs will fairly and adequately protect the interests of the Plaintiff Classes defined in this complaint. The Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiffs nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiffs are informed and believe, and on that basis allege, that the Plaintiff Classes defined above are so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Classes and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms such as in this matter violate 15 U.S.C. §1692g.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiffs and all members of the Plaintiff Classes have claims arising out of the Defendants' common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. The Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiffs nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to September 24, 2021, an obligation was allegedly incurred to Capital One Bank.

22. The Capital One Bank account obligation arose out of transactions in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes, specifically a personal credit account.

23. The alleged Capital One Bank obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Capital One Bank is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

25. On a date better known to the Defendant, this defaulted account was purchased by Defendant for purposes of collection.

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation*

27. On or about September 24, 2021 Defendant sent the Plaintiff and initial contact letter (the "Letter"), regarding the alleged debt.

28. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing -

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor. 15 U.S.C. § 1692g(a).

29. The FDCPA further provides that "if the consumer notifies the debt collector in writing within the thirty day period . . . that the debt, or any portion thereof, is disputed . . . the debt collector shall cease collection . . . until the debt collector obtains verification of the debt . . . and a copy of such verification is mailed to the consumer by the debt collector." 15 U.S.C. § 1692g(b).

30. In response to this initial communication letter, Plaintiff asserted her "g-notice" rights, and requested validation in writing via email sent to Defendant on October 14, 2021.

31. In response to the dispute, Defendant sent no response whatsoever.

32. Despite Plaintiff's dispute of the debt and request for validation in accordance with 15 U.S.C. §1692g, Defendant continued collection activities by sending multiple collection letters.

33. Defendant was required to cease collection until the Plaintiff was provided with proper validation of the alleged debt.

34. Defendant failed to honor the validation request and continued collection efforts.

35. The fact that Defendant did not validate and yet attempted to continue to collect on the debt was suspicious, misleading, and out of character for a legitimate debt collection.

36. Therefore, Defendant's omissions cast a negative shadow over its debt collection practice in general.

37. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

38. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

39. One important element of consumer protection revolves around keeping the consumer informed.

40. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

41. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

42.     These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

43.     Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the letter and lack of consistent sensible information, to ascertain what her options and possible responses could or should be.

44.     Defendant's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

45.     Defendant's deceptive, misleading and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

46.     Plaintiff would have pursued a different course of action were it not for Defendant's violations.

47.     When a debt collector fails to validate the debt, they have deprived the consumer of their rights, in violation of statutory law, and the debt collector has harmed the consumer.

48.     As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

49.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

above herein with the same force and effect as if the same were set forth at length herein.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

51. Pursuant to 15 U.S.C. §1692g(b), If a consumer notifies the debt collector in writing, within the thirty-day validation period, a debt collector shall cease collection of the debt until the debt collector obtains verification of the debt.

52. The Defendant violated said section by continuing collection activities after Plaintiff had previously asserted her "g notice" rights, and requested validation in writing in a fax sent to the Defendant.

53. Defendant was required to cease collection until the Plaintiff was provided with validation of the alleged debt.

54. Defendant failed to cease collection efforts and continued collections.

55. Defendant failed to provide the Plaintiff with any form of validation prior to continuing to collect the debt.

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

57. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Tiffany Nedd, individually and on behalf of all others similarly situated, demands judgment from Defendant as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Aryeh E. Stein, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: May 26, 2022                                Respectfully Submitted,

**MERIDIAN LAW, LLC**
/s/ Aryeh E. Stein
Aryeh E. Stein, #24559
1212 Reisterstown Road
Baltimore, MD 21208
Phone: (443)-326-6011
astein@meridianlawfirm.com
*Attorneys For Plaintiff*